GARDNER v. WARREN BANK

1. NEGLIGENCE—PLEADING—LEGAL DUTY—SUFFICIENCY OF COMPLAINT.

Complaint which fails to set forth a duty owed to plaintiff by defendant by virtue of statute, ordinance, or common law, is insufficient to state a cause of action in negligence.

2. CONTRACTS—BANKS—DEPOSITS—IMPLIED CONTRACTS.

A contract by implication between a bank and a depositor does not arise until an agent of the bank accepts and acknowledges the deposit.

3. BANKS AND BANKING—PLEADING—CONTRACT WITH DEPOSITOR—SUFFICIENCY OF COMPLAINT.

Complaint for breach of contract by depositor against a bank for failing to record a deposit and wrongfully dishonoring plaintiff's checks is insufficient to state a cause of action if it fails to allege facts as to the terms of the contract, written or oral, express or implied, between the bank and the depositor.

Appeal from Macomb, Noe (Alton H.), J. Submitted Division 2 June 5, 1967, at Detroit. (Docket No. 3,107.) Decided December 2, 1968.

Complaint by Richard and Myrna Gardner against Warren Bank, a Michigan banking corporation, for negligence and breach of contract in wrongfully dishonoring plaintiffs' checks. Defendant's motion for

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 259.
[2] 10 Am Jur 2d, Banks § 346.
[3] 10 Am Jur 2d, Banks §§ 567, 568.

summary judgment granted. Plaintiffs appeal. Affirmed.

*William L. Fisher,* for plaintiffs.

*Lebenbom* and *Handler (Wallace M. Handler & Bernard Lampear,* of counsel), for defendant.

THORBURN, J.  This is an appeal from a summary judgment dismissing the plaintiffs' complaint.

The plaintiffs' amended complaint contains two counts, one in negligence, and the other in contract.

The facts set forth are that on January 24, 1964, the plaintiffs, checking account customers of the defendant bank, suffered loss in the amount of $126.00 as the result of the careless handling of a night depository deposit in the defendant bank. The plaintiffs allege that they suffered humiliation and embarrassment and other damage as a result of dishonored checks.

The amended complaint does not contain any factual allegation setting forth a duty owed to plaintiffs by defendant bank by virtue of statute, ordinance, or common law.  Where there is no legal duty, there can be no actionable negligence. *Butrick* v. *Snyder* (1926), 236 Mich 300, *Munson* v. *Vane-Stecker Company* (1956), 347 Mich 377, *Clark* v. *Dalman* (1965), 1 Mich App 513.

Further, the complaint does not contain any allegation of fact as to the terms of a contract, written or oral, express or implied, between the plaintiffs and the defendant.

The rule of law in the United States requires that, absent a written agreement, a contract by implication does not arise until an agent of the bank accepts and acknowledges the deposit.  Acceptance presupposes the right on the part of the agent to count

and determine the amount of money delivered to him, and until accepted, title to the money does not pass and no contract can arise. *United States* v. *Holt* (1939), 234 Mo App 25 (131 SW2d 59), *Webb* v. *O'Geary* (1926), 145 Va 356 (133 SE 568).

No legal duty and no contract having been alleged the complaint properly was dismissed. Summary judgment for the defendant is affirmed with costs awarded to the defendant.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.